## GENUNG v. NEW YORK & N. E. R. CO.

(Supreme Court, General Term, Second Department.    December 12, 1892.)

1. RAILROAD COMPANIES—FIRES—EVIDENCE.

In an action against a railroad company for destroying by fire grass on plaintiff's land, lying along the railroad, it appeared that there were brush and dry grass on the railroad.    Plaintiff was drawing rye from a field near the railroad, and while he was in the barn with a load a train passed.    When he went in there was no fire, but on his return he saw the fire on the railroad, burning the old grass, and, the wind being high, it could not be extinguished, but destroyed plaintiff's field of grass.    The course of the fire was traced back, and found to have started next to the track of the railroad.    *Held,* that the evidence was sufficient to justify the presumption that the fire was caused by sparks or coals from the locomotive which passed while plaintiff was in the barn.

2. SAME—WHO LIABLE.

Defendant admitted that it ran trains over the railroad, which was owned by another company, at the place in question, during the month in which the

fire occurred, and there was no proof that any other trains passed over the road in that month. but those of defendant. *Held*, that the inference was justified that the fire was set by defendant's locomotive.

**3. SAME—DEFECTIVE LOCOMOTIVE.**

Since there could have been no ignition of the dry substance without the emission of sparks or coals, the presumption is that there was such emission, which raises an inference that the engine was defective, or improperly managed.

**4. SAME—OWNERSHIP OF RAILROAD.**

Defendant cannot escape liability on the ground that the accumulation of the dry grass and brush was the result of the carelessness of the company which owned the road, since, having adopted the railroad of another company for its own use, and having set on fire through its own negligence combustible material which had accumulated along the track, defendant was answerable for the consequences.

Appeal from Dutchess county court.

Action by Albert D. Genung against the New York & New England Railroad Company to recover damages for destroying by fire grass on plaintiff's land. From a judgment of the county court affirming a judgment of the justice's court in favor of plaintiff for $100, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Walter C. Anthony, for appellant.

Ransom Baker, for respondent.

DYKMAN, J. This action was commenced in a court of a justice of the peace in Dutchess county for the recovery of damages for setting fire to the grass upon the plaintiff's land, and destroying the same by fire. It was the claim of the plaintiff that his grass was set on fire by sparks or coals which escaped from a locomotive engine of the defendant while passing over the railroad of the Newburgh, Dutchess & Connecticut Railroad in the town of East Fishkill, in Dutchess county, in the month of July, 1891. Upon the trial the defendant admitted that it ran trains over the Newburgh, Dutchess & Connecticut Railroad in the month of July, 1891. The cause was tried before a justice of the peace without a jury, and he rendered a judgment in favor of the plaintiff for $100 damages and the costs. That judgment was affirmed on appeal to the county court of Dutchess county, and the defendant has appealed from the judgment of affirmance to this court.

The insistence on the part of the appellant is that the proof of negligence was insufficient to impose liability, and that the defendant is not liable or responsible for any condition of the road to the Newburgh, Dutchess & Connecticut Railroad, and we must examine the two questions thus presented. The testimony on the part of the plaintiff shows that the Newburgh, Dutchess & Connecticut Railroad runs through the farm of the plaintiff; that a field of grass of about six acres ran up to the line of the railroad; and that there were brush and grass on the railroad, besides considerable dry grass and refuse lying among the stone, besides an early June grass, also dead at that time. The plaintiff was drawing rye from a field near the railroad, and while he was in the barn with a load a train passed down over the railroad. There was no fire

burning when he went in, and when he went out after unloading the rye he saw the fire on the railroad.   It was burning the old grass, and the wind was high, and they could not extinguish it, although there was another man who came to assist them.   It burned over six acres, and the course of the fire was traced back, and found to have started next to the track of the railroad.   No testimony was offered on behalf of the defendant.   The testimony was sufficient to justify the presumption that the fire was caused by sparks or coals from the locomotive which passed down while the plaintiff was in the barn unloading the grain.   That was on the 11th day of July, and the admission was that the defendant ran trains over the railroad at that place in July, and there was no proof that any other trains passed over the road in that month but those of the defendant.   The inference is justified, therefore, that the fire was set by the locomotive of the defendant.

And, as there could have been no ignition of the dry substances without the emission of sparks or coals, the presumption is that such emission took place, and that presumption raises an inference that the engine was defective or improperly managed.   The plaintiff thus established a case that was good until it was answered or contradicted, and, as there was no defense attempted, the judgment was justified.

The defendant cannot escape liability on the ground that the accumulation of the dry grass, brush, and rubbish was the result of the carelessness of the Newburgh, Dutchess & Connecticut Railroad Company.   The defendant adopted the railroad of another company for its own use, and, if combustible material had accumulated along the track, which was set on fire through the negligence of the defendant, we think it must answer for the consequences.   Notwithstanding the presence of the dry material, there would have been no fire but for the negligence of the defendant.   Such negligence was therefore the primary cause of the damage, and imposed liability upon the defendant therefor.   The record discloses no error, and the judgment should be affirmed, with costs.